MARGARET C. MAHONEY *vs.* JOHN J. MAHONEY.

Argued Nov. 16, 1894.  Affirmed Dec. 7, 1894.

No. 9042.

**Alimony on divorce made a lien on the homestead.**

>   In making an adjustment or division of the property of the husband between the parties in an action for divorce, the court may set off to the wife a whole or a part of the homestead, or may, in lieu thereof, allow her alimony, and make it a specific lien on the homestead. The provisions of the constitution and statutes relating to "homestead exemptions" have no application to such a case.

**Judgment for alimony not subject to collateral attack.**

>   Even if execution is not the proper method of enforcing such specific lien, yet if the judgment itself provides for that mode of enforcement it is merely judicial error, which is no ground for collateral attack. Whether the homestead can be sold on a judgment for alimony where it is not made a specific lien on the land, quere?

Appeal by defendant, John J. Mahoney, from a judgment of the District Court of Blue Earth County, *M. J. Severance,* J., entered September 6, 1893.

The defendant, John J. Mahoney, was on April 9, 1890, the husband of plaintiff and owned the west half of the northwest quarter of section one (1) in Township 106 north of Range 25 west in said county.   In an action then pending between them in said District Court she on that day obtained a judgment against him for a divorce *a vinculo* and for $700 alimony and making that sum a specific lien on this real estate and adjudging that collection thereof be enforced by a sale of the land on execution, if not paid within forty days.   The land was his homestead.   The money was not paid and a writ of execution was thereupon issued to the sheriff and he on August 2, 1890, sold the land thereunder and the plaintiff bid and became the purchaser for the amount due on the execution and costs of sale.   She received from the sheriff a certificate of sale.   No redemption was made.   He remained in possession and in January, 1892, she commenced this action of ejectment against him to recover possession.   She obtained judgment.   He paid the costs and under 1878 G. S. ch. 75, § 11, took a new trial.   On the second trial she again had judgment and he appeals.

*A. J. O'Grady* and *C. O. Dailey*, for appellant.

The District Court had no jurisdiction to adjudge and decree in the divorce suit that the judgment for alimony be made a specific lien upon the homestead of defendant, and no jurisdiction to authorize the enforcement of that judgment by execution against his homestead.   Such judgment was void and may be collaterally impeached.   *Kamp* v. *Kamp*, 59 N. Y. 212.

1878 G. S. ch. 68, § 1, gives the homestead exemption absolutely, without making the right to it depend upon any affirmative action upon the part of the person claiming it toward an officer levying upon it or about to levy upon it.   *Ferguson* v. *Kumler*, 25 Minn. 183, 27 Minn. 156; *Kipp* v. *Bullard*, 30 Minn. 84.

If the court had jurisdiction to make the judgment in the divorce suit a specific lien upon the homestead and to authorize its enforcement by execution, still the court made no order authorizing the enforcement of the judgment by execution against this property.   The execution under which the property was sold was an ordinary execution directed against the property of the defendant generally.

*Pfau & Young,* for respondent.

The judgment for alimony was made a specific lien upon this real estate and the doctrine of *res judicata* estops the defendant from now setting up homestead exemption in this ejectment suit. *Thompson* v. *Myrick,* 24 Minn. 4; *Harris* v. *Harris,* 36 Barb. 88; *Thomas* v. *Joslin,* 36 Minn. 1.

Where a person not under any disability is sued and the homestead is involved, it will be affected by the judgment precisely as any other right would be. *Young* v. *Babilon,* 91 Pa. St. 280; *Wright* v. *Dunning,* 46 Ill. 271; *Nichols* v. *Dibrell,* 61 Tex. 539; *Nemetty* v. *Naylor,* 100 N. Y. 562; *Taylor* v. *Gladwin,* 40 Mich. 232.

An allowance or alimony is not a debt within the meaning of the Constitution, Art. 1, § 12. *Ex parte Perkins,* 18 Cal. 60; *Allen* v. *Allen,* 100 Mass. 373.

In decreeing divorce the court may assign as alimony a part of the husband's homestead. *Menzie* v. *Anderson,* 65 Ind. 269; *Daniels* v. *Morris,* 54 Ia. 369; Waples, Homestead, 68.

MITCHELL, J. Action to recover possession of eighty acres of land. The material facts found by the court are that in a former action between these same parties, who were then husband and wife, judgment was rendered granting the plaintiff an absolute divorce on the ground of cruel and inhuman treatment, and granting her $700 alimony out of the property of the defendant, and adjudging the same a specific lien on the land here in controversy, and that collection might be enforced by execution; that execution was duly issued upon this judgment or decree, directing the sheriff to collect said sum out of the property of the defendant; that under this execution the sheriff sold the land, as the law directed, to the plaintiff, and executed to her a certificate of sale; that the land has not been redeemed from this sale, although the time of redemption has expired; that at the time of the trial of the divorce action the land was the homestead of the defendant, and his family, and that he has ever since continued to reside on it, claiming it as his homestead.

There are two grounds upon either of which the judgment in favor of the plaintiff must be affirmed:

First. Even if the court erred in the former action in decreeing plaintiff's alimony to be a specific lien on the homestead, yet this would be mere error, and would not render the judgment void. It could not be collaterally attacked on that ground.

Second. The judgment was not in that respect even erroneous. The statute provides that upon any divorce, for any cause except the adultery of the wife, the court may decree to the wife such real estate of the husband, not exceeding the value of her dower, as it deems just and reasonable under the circumstances, and may also decree her such alimony out of the estate of the husband as it may deem just and reasonable, and by its decree make the same a specific lien upon any specified real estate of the husband. 1878 G. S. ch. 62, § 23.

An allowance of alimony to the wife out of the property of the husband, in case of a divorce, is not a debt or liability within the meaning of either the constitution or statute relating to exemptions. In providing for the division and adjustment of property in case of divorce, the law proceeds upon the theory that the wife has an interest in the property of her husband. This is peculiarly true of a homestead, which is exempted from seizure and sale for debt, for the benefit of the wife and children, if any, as well as of the husband. This consideration, whether expressed in terms or not, lies at the foundation of all homestead exemption laws. Therefore, in making an adjustment or division of the property of the husband in case of a divorce, the "homestead exemption" has no more application than it would have in an ordinary suit for partition.

The court can set off to the wife in fee the whole or a part of the homestead, or, if this is impracticable, it may allow her a sum of money equivalent to her proper share of the homestead, and make the amount a specific lien on the land. While the homestead laws of the various states differ from each other in many respects, yet this principle runs through the decisions under all of them. See Waples, Homesteads, p. 68, et seq.; *Brandon* v. *Brandon,* 14 Kan. 342; *Blankenship* v. *Blankenship,* 19 Kan. 159; *Armstrong* v. *Armstrong,* 35 Ill. 109; *Daniels* v. *Morris,* 54 Iowa, 369, (6 N. W. 532;) *Webster* v. *Webster,* 64 Wis. 438, (25 N. W. 434.)

Whether, when the amount allowed the wife is decreed to be a

specific lien on specified lands, the proper way of enforcing the lien is by execution, we need not inquire. In the present case the judgment itself provided for that manner of enforcement, and hence, even if this was erroneous, it was merely judicial error, which is no ground for collateral attack.

Whether the homestead could be sold on execution on a judgment for alimony where the judgment itself does not make it a specific lien on the land is a question upon which we intimate no opinion; for no such question is presented. Judgment affirmed.

GILFILLAN, C. J., absent on account of sickness, took no part.

BUCK, J., took no part.

(Opinion published 61 N. W. 334.)