STATE EX REL. HOWARD COLE & COMPANY, INC., Petitioner, vs. CIRCUIT COURT FOR ST. CROIX COUNTY and another, Defendants.

*June 10—July 8, 1922.*

*Venue: Actions against corporations: Location of corporation: How determined: Reports to secretary of state.*

1. An action may be begun against a domestic corporation in any county, subject to removal to the proper place of trial, under sub. 6, sec. 2619, Stats.; and the proper place of trial is the county where defendant is situated or has its principal place of business or where the cause of action or some part thereof arose.

State ex rel. Howard Cole & Co. v. Circuit Court, 178 Wis. 89.

2. Upon application for a change of venue it is a question of fact for the court whether the county to which the change is sought is that where the defendant corporation is situated or has its principal place of business or where the cause of action or some part thereof arose.

3. On motion for a change of venue, where defendant's articles of incorporation, filed ten years previously, stated its location to be Rock county, but since 1917 its reports to the secretary of state, required by law, showed it to be in a foreign state, and the sheriff could not make personal service in Rock county, nor could the secretary of state get service by mailing under sub. (10), sec. 2637, Stats. 1921, and upon the ·hearing the defendant did not claim any place of business or office or that it did business in Rock county, that county was not the proper place of trial.

4. Under sec. 2619, Stats., a corporation must show it is presently "situated" in the county of venue, using the term quoted in the sense of "location," since corporations frequently change their place of situation and the location of their offices.

ALTERNATIVE WRIT of *mandamus* issued out of this court to compel the circuit court for St. Croix county and the judge thereof to remove an action against the defendant from St. Croix county to Rock county. Motion to quash the alternative writ.   GEORGE THOMPSON, Circuit Judge.

The plaintiff in the action in the circuit court is a foreign corporation and the defendant is a domestic corporation. The plaintiff commenced its action in St. Croix county by the service on the defendant of a,summons and complaint, by serving the same on the secretary of state as provided by sub. (10), sec. 2637, Stats. 1921, which reads as follows:

"(10) If against any other corporation organized under the laws of this state, to the president, or other such chief officer, vice-president, secretary, cashier, treasurer, director, or managing agent. Provided, however, that whenever any such corporation does not have any officer or agent within this state upon whom legal service of process can be made, of which the return of the sheriff shall be *prima facie* evidence, service of the summons and accompanying

complaint may be made by depositing duplicate copies thereof in the office of the secretary of state, one of which copies shall be filed in the office of said secretary of state, and the other by him immediately mailed, postage prepaid, addressed to said company at its office designated in its articles of incorporation on file in the office of the said secretary of state, and such service shall be deemed and treated as personal service on such corporation."

The defendant thereupon served a demand upon the plaintiff for a change of venue in the circuit court for St. Croix county to Rock county, as follows:.

"The defendant demands that the trial of this action be had within the proper county, to wit, the county of Rock, in the state of Wisconsin, for the reason 'that the above named defendant, at the time of the commencement of this action, was and now is situated in said county of Rock, and that the defendant is a corporation under the laws of the state of Wisconsin and is located at the city of Janesville, Rock county, Wisconsin."

The plaintiff did not consent to the change of venue, and the defendant thereupon made a motion in the circuit court for St. Croix county to have the place of trial of said action changed to Rock county, which motion was denied by the circuit court. The defendant petitioned this court for a writ of *mandamus* compelling the removal of the action, and an alternative writ was issued, to which the plaintiff responded by a motion to quash.

The cause was submitted for the petitioner on the brief of *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and for the defendants on that of *Spencer Haven* of Hudson, attorney, and *George S. Grimes* of Minneapolis, of counsel.

CROWNHART, J. Sec. 2619, Stats., provides for the place of trial of civil actions against a domestic corporation as follows:

"Section 2619. The proper place of trial of civil actions is as follows, respectively: . . .

"Sixth. Of an action against any other corporation existing under the law of this state, the county in which it is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose."

The motion for a change of venue was based on an affidavit of one of defendant's attorneys to the effect that he was one of the incorporators of the defendant; that by the articles of incorporation said corporation was located at the city of Janesville in Rock county; that the city of Janesville is the only place where said corporation had ever transacted any business in the state; that the original articles of incorporation have never been changed; and that no part of the transaction set forth in the complaint took place in Wisconsin.

The defendant, in opposing the motion, filed an affidavit to the effect that the defendant corporation had no place of business, no officers, no agents, and no office in the city of Janesville or in Rock county, but that since 1917 the reports of said corporation to the secretary of state showed that the corporation, its officers, board of directors, and offices, were located without the state of Wisconsin. The return of the sheriff of Rock county on the summons certified that he was unable to find any officer or agent of said company in his county. The affidavit of the secretary of state showed that he had mailed copy of the summons and complaint to said corporation at Janesville, but that the same was returned unclaimed and with the notation on the envelope "No such firm here" and "Not in directory." An affidavit was filed of George S. Grimes to the effect that he had made due and diligent search in the city of Janesville for some office, place of business, location, or situation, officer, director, or agent of the defendant, but was wholly unable to find any such in the city of Janesville or in Rock county. The annual report for 1921 of the defendant to the secretary of state, required by law, contains the following: "Location of corporation: Madison,

New Jersey." The circuit court found as a fact that the defendant was not located in Rock county.

An action may be begun against a domestic corporation in any county of the state, and maintained therein subject to removal to the proper place for trial, as provided in the statute quoted. As we have seen, the proper place of trial in an action against a domestic corporation is the county in which the defendant is situated or has its principal office or place of business, or in which the cause of action or some part thereof arose.

Upon an application for a change of venue under the statute it therefore becomes a question of fact for the court to determine whether or not the county to which a change of venue is sought is the county in which the defendant is situated or has its principal place of business, or in which the cause of action or some part thereof arose. The circuit court in this action on such motion determined those facts in the negative on sufficient evidence. It was not claimed on the hearing of the motion that the defendant had any office or place of business, or any officers or agents, or did any business in Rock county. The sole claim made was that the articles of incorporation, made some ten years ago, set out, as provided by statute, the location of said company as follows: "The name of such corporation shall be Howard Cole & Company (Inc.), and its location shall be in the city of Janesville, Rock county, Wisconsin."

The statute fixing the place of trial does not use the term "location," but instead says that the place of trial shall be where the company is "situated." But if we assume that the two terms mean the same, still it is incumbent upon the defendant to show that it is actually situated in the place named. That is not determined by the statement in the articles of incorporation. It is a matter of common knowledge that corporations frequently change the place where they are situated and change the location of their principal office or place of business. If the defendant ever

had its place of business or principal office or was ever situated in Janesville, Rock county, it is clear from the proof that it has long since abandoned the same; therefore the circuit court properly denied the motion for a change of venue.

*By the Court.*—The motion of the defendant to quash the alternative writ of *mandamus* is granted, and the petition of the plaintiff is dismissed.