# FRANK LIMNELL v. SIGRID LIMNELL.[1]

February 8, 1929.

No. 27,092.

[1]Reported in 223 N. W. 609.

See note in 15 A. L. R. 569; 9 R. C. L. 480; 2 R. C. L. Supp. 812; 4 R. C. L. Supp. 610; 6 R. C. L. Supp. 557.

*Z. L. Begin,* for appellant.
*Patterson & Rorem,* for respondent.

TAYLOR, C.

This action involving the title and right of possession to a house and lot in the city of Minneapolis was submitted to the court upon a stipulated statement of facts, upon which the court made findings of fact and conclusions of law and rendered judgment for plaintiff. Defendant appealed.

The property in controversy was conveyed to Charles Limnell and Sigrid Limnell, husband and wife, as joint tenants and was occupied as their homestead. In 1922 they executed a mortgage upon it to the Minneapolis Savings & Loan Association. In December, 1925, they were divorced. The judgment in the divorce action gave to the mother, Sigrid, the custody of their child, Elma, then about six years of age, and decreed that the father, Charles, should pay to the mother for the support of the child the sum of $25 per month, monthly in advance, until the child was 16 years of age, and that this allowance for the support of the child should be a lien upon the real estate in question. The judgment also decreed this real estate to Charles free and clear from any title or claim of Sigrid but subject to the lien of the award made for the support of the child. The mortgage was foreclosed by the Savings & Loan Association, and at the sale held in April, 1926, the property was bid in by and sold to plaintiff, a brother of Charles. In August, 1926, a certified copy of the judgment in the divorce action was recorded in the office of the register of deeds. Thereafter Sigrid, purporting to act both for herself and as guardian of Elma, filed notice of

intention to redeem from the foreclosure sale as a creditor having a lien under the judgment in the divorce action. At the proper time she presented to the sheriff all the papers required to show her right to redeem and paid to him the amount for which the property had been sold together with interest thereon and received and recorded the usual certificate of redemption. Thereafter she took possession of the property through her tenants and has since remained in possession. Plaintiff refused to accept the redemption money from the sheriff and brought this action to have the redemption declared void and for possession of the property. The trial court held the redemption void and of no effect but stated no ground therefor.

Plaintiff contends that in the action for divorce the court was without power to make the award for the support of the child a lien upon the real estate of the husband. We are unable to accede to this contention. The statute provides that upon decreeing a divorce

"the court may make such further order as it deems just and proper concerning the care, custody, and *maintenance* of the minor children of the parties." G. S. 1923, § 8596. [Italics ours.]

It further provides that the court may from time to time

"revise and alter such order concerning the care, custody, and *maintenance* of the children * * * and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require." G. S. 1923, § 8597. [Italics ours.]

The power given the court by these provisions is very broad. In Murphy v. Moyle, 17 Utah, 113, 53 P. 1010, 70 A. S. R. 767, it was held that similar provisions authorized the court to award monthly payments to the mother for the support of a minor child and to make such award a lien upon real estate of the father. Our statute further provides that if the property restored or awarded to the wife

"is insufficient for the suitable support of herself and such children of the marriage as shall be committed to her care and custody * * * the court may also * * * decree to the wife such ali-

mony out of the estate, earnings, and income of the husband as **it** may deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and other circumstances of the case, and may by its decree make the same a specific lien upon any specified parcels of his real estate." G. S. 1923, § 8602. The statute contains other provisions and limitations not here important.

In this last provision the term "alimony" is used; but as the right to grant it is conditional upon the other property awarded to the wife being "insufficient for the suitable support of herself and such children of the marriage as shall be committed to her care," the connection in which it is used shows that support for the children was intended as well as for herself.

In Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387, the decree, among other things, awarded the wife $30 per month for the support of a minor child and made it a lien on certain personal property of the husband and on his interest in certain real estate. The husband insisted that the court had no authority to make the allowance a lien on personal property, but does not seem to have questioned the right to make it a lien on real estate. The court said that the lien was statutory and that the statute limited it to real estate. In that case, the parties and the court apparently took it for granted that the statute conferred authority to make allowances for the support of minor children a lien upon real estate of the father; and, so far as we are advised, such authority has been exercised without question during the many years the statute has been in force. We think that the legislature intended to and did confer such authority.

Even if we were to concede that the statute did not confer power to make the allowance for the support of the child a lien on this real estate, plaintiff could not raise that question in this action. In the divorce action the court had jurisdiction of the parties and of the subject matter. It had jurisdiction to determine the property rights of the parties as between themselves and to make suitable provision for the support of the wife and of the minor children.

Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 A. S. R. 636. If the judgment, in determining such property rights or in providing security for payment of the allowances awarded, went beyond what the law authorized, the remedy was by appeal. The judgment as rendered cannot be attacked collaterally by plaintiff in the present action. Mahoney v. Mahoney, 59 Minn. 347, 61 N. W. 334.

Plaintiff's claim that the lien created by the judgment in the divorce action was not such a lien as entitled defendant to redeem is without merit. A creditor who has a lien of any sort which gives him the legal or equitable right to have specific property applied in satisfaction of his claim has the right to redeem it as such creditor. G. S. 1923, § 9627; also cases cited in 4 Dunnell, Minn. Dig. (2 ed.) § 6410.

Plaintiff claims that defendant not having been appointed as guardian of the child could not redeem as such guardian. The lien was given to and vested in defendant. She was the natural guardian of the child. She made the redemption in her own name as an individual and also in the name of the child by her as guardian. As she clearly had the right to make the redemption in her individual capacity, whether she also had the right to make it on behalf of the child is immaterial so far as plaintiff is concerned.

Plaintiff also claims that defendant could not redeem as a creditor but only as owner. He bases this claim on the fact that the property was conveyed to her and her husband jointly, and insists that the judgment in the divorce action could not pass her title from her to her husband. In that action the court had jurisdiction to determine the property rights of the parties as between themselves and did determine such rights. If the determination so made was not warranted by the facts, the remedy was by appeal. The parties did not appeal but acquiesced therein, and the judgment has become final and conclusive, subject only to the power of the court to modify it in the cases in which the statute authorizes a modification. The disposition made of the property cannot be attacked collaterally in the present action.

Plaintiff also claims that the affidavit showing the amount due on defendant's claim wrongfully stated it as $2,600 when the amount actually due was no more than $400. Assuming, without conceding, that plaintiff is in position to raise this question, it is sufficient to say that such an affidavit should state the entire amount covered by the lien and not merely the amount which was then past due.

At or about the time plaintiff bid in the property at the foreclosure sale, he paid taxes which had accrued thereon; but failed to file the affidavit required by statute to entitle him to make the amounts so paid a part of the sum required to be paid to redeem from the sale. It necessarily follows that defendant was not required to repay such amounts in making the redemption. G. S. 1923, § 9648; Sucker v. Cranmer, 127 Minn. 124, 149 N. W. 16. The stipulation of facts does not show any obligation on the part of defendant to pay these taxes, and hence they are not recoverable under the doctrine of the case cited.

As we reach the conclusion that the redemption was valid and vested title in defendant, the judgment is reversed, and judgment will be entered to the effect that defendant is the owner of the property.