## IVAR SIVERTSEN v. CLARA CATHERINE SIVERTSEN.[1]

October 30, 1936.

No. 30,924.

*A. M. Gunn,* for appellant.
*Harry S. Swensen,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from a judgment substantially modifying the money payments required to be met by plaintiff in a decree of divorce previously entered.

In February, 1927, plaintiff commenced a suit for divorce against defendant, same resulting in a decree for plaintiff on December 8, 1927. Prior to entry of decree the parties had entered into a written agreement respecting property division and alimony, including as well sums to be paid to defendant for support and main-

[1]Reported in 269 N. W. 413.

tenance of their three children. This agreement was approved by the court. On June 1, 1935, the court ordered the judgment amended (*nunc pro tunc* as of date of original entry) so as to include the exact language of the settlement agreement, that not having been so embodied in the original findings and decree. Shortly thereafter plaintiff made application to the court for revision and modification of the money payments required by the original judgment in conformity with 2 Mason Minn. St. 1927, § 8603. Defendant resisted the application and moved for judgment in her own behalf against plaintiff for $7,200, in which amount she claimed plaintiff was in arrears. The issues were duly heard in June, 1935. On January 30, 1936, the findings complained of were made and filed. On February 1 judgment was entered relieving plaintiff of very substantial obligations originally imposed.

When the decree of divorce was entered in 1927 plaintiff was a prosperous physician and surgeon enjoying an extensive and lucrative practice. He had accumulated a comfortable fortune, then estimated at more than $150,000. With the income from his practice, together with that from his investments, he was well able to meet the obligations assumed by the agreement and imposed by the judgment. At that time he was 51 years of age, defendant 42. Their three children (the oldest 15, the youngest, a daughter, 11 years of age) have now reached maturity. The older son is married and has removed to California. The other two are still living with defendant and are students at our university.

Under the terms of the settlement, and as later embodied in the amended decree, defendant was to pay plaintiff $30,000 "for the purpose of finally settling between the parties * * * all matters of property rights and temporary and permanent alimony." This sum was duly paid. He also obligated himself to pay plaintiff $200 per month as long as she should live and remain unmarried. In addition, he was to pay her $100 per month "for each child which lives with her substantially all the time." Another obligation provided that he would take out a policy of life insurance in the sum of $15,000, defendant to be the sole beneficiary. This sum was to go to her if during her lifetime he should die, provided

also that she, at the time of his death, remained unmarried. In the event of her remarriage during his lifetime the policy was to be surrendered to him.

Until and including June, 1932, Dr. Sivertsen complied with all the requirements of the agreement and decree. But in July, being financially embarrassed and unable to carry the full burden, he from then on paid defendant only $200 per month. This he continued to do until the time of trial in 1935. At that time he was in arrears to the extent of $7,200. He had also failed to pay the premiums upon the life insurance policy. However, it affirmatively appears that since the decree was originally entered and until the time of trial in 1935, plaintiff had paid defendant $69,195.61. In addition, he had also paid to the oldest son $3,381.18. The record further shows that defendant received household goods, dishes, silverware, and other items of considerable value in addition to the cash hereinbefore referred to.

The court, after hearing the evidence adduced at the 1935 trial, found that since May, 1932, defendant has in fact "been insolvent and wholly unable to comply with" the judgment and the payments therein provided for; that he "is now wholly unable financially to meet the obligations under said judgment," both as to past arrears as well as to future payments. Plaintiff's professional income has decreased greatly, and in fact he has genuine difficulty making expenses and a decent livelihood. He is rapidly approaching the age when his professional income cannot be expected to increase. Rather the opposite is likely to happen.

To be noted also is the further fact that within a year after the divorce plaintiff remarried. The issue of that marriage is one child. The older son of the first marriage experienced domestic trouble resulting in divorce. Plaintiff, to lend such assistance as he deemed to be his duty, adopted the child of that misalliance. So it seems beyond question that plaintiff is and has been facing his full share of human disappointment and adversity.

Plaintiff's unfortunate financial condition is not due to any desire on his part to avoid the liability created by his own agreement and adopted by the court as a basis for the judgment originally entered.

He simply is in a position where, try as he may, the burden resting upon him is beyond his capacity to bear. Defendant does not seriously claim otherwise; but she does contend that the court went too far when by its order and findings plaintiff was wholly relieved as to the $7,200 in default; also that the court erred in relieving defendant from the duty and responsibility of maintaining the $15,000 insurance policy. Another point of attack is that the court was without power to change the provision of the agreement and judgment respecting moneys to be paid to defendant for the benefit of the children after they reached majority but had not yet reached the age of 25 years. In this respect, so defendant claims, the judgment as originally entered must stand and cannot now be attacked. That part of the agreement reads:

"The payments above provided to be made for the children shall continue from December, 1927, until each child has attained full age or, until such child shall be married, if married, before attaining full age. *If, however, upon attaining full age, such child has not married and is living a normal life and desires to continue his or her education and shall make his or her home with defendant at least a portion of the time, said payments as above provided for any such child shall continue after attaining full age and until such child has attained the age of twenty-five years unless sooner married.*" (Italics supplied.)

■ Divorce jurisdiction is statutory; "* * * our district court has no power in the premises not delegated to it by statute." Ostrander v. Ostrander, 190 Minn. 547, 549, 252 N. W. 449, 450. The section of our statute under which plaintiff proceeded is 2 Mason Minn. St. 1927, § 8603, which reads:

"After an order or decree for alimony, or other allowance for the wife and children, or either of them, or for the appointment of trustees to receive and hold any property for the use of the wife or children, the court, from time to time, on petition of either of the parties, may revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal

and income of the property so held in trust, and may make any order respecting any of the said matters which it might have made in the original action."

The cases cited under the quoted section have given full force and effect to the broad powers provided thereby. So there can be no doubt that the court was well within its jurisdictional authority in modifying the very onerous burdens assumed by plaintiff and imposed by the original judgment.

A careful review of the record leaves no doubt in our minds that the court was fully justified in coming to the conclusion it did respecting the past due instalments. And this is equally true respecting the release of plaintiff from the impossible burden of maintaining the $15,000 insurance policy, and in reducing the monthly allowance to defendant from $200 to $150 per month. Plaintiff may find the reduced burden all that he can bear. If a betterment should come, defendant will have the opportunity of so showing, and the court is open to hear her plea in that behalf.

Under the quoted section, the court was authorized to "make any order respecting any of the said matters which it might have made in the original action." If plaintiff's financial condition had been as precarious at the time of the original hearing as it is now, obviously the court would not nor could it have granted the money allowance therein provided. If conditions were reversed so that at the time of the original trial defendant was impecunious and later became prosperous and possessed of the fortune now lost, can there be any doubt that defendant would have been justified in seeking a modification so as to increase substantially the payments for her support and that of the children?

Considerable time elapsed between the hearing and the making of the amendatory findings. Therein the court determined that plaintiff should pay to "defendant for her support and maintenance *in the future,* or until the further order of this court," a sum not exceeding $150 per month. Defendant claims error in not making provision for alimony or support money during the time the court had the matter for decision. No motion was made to have the findings amended. It may well be, in view of plaintiff's financial em-

barrassment, that the court thought plaintiff was unable to meet any accumulation of monthly payments even at a reduced figure during that period. We note that in addition to the future monthly allowance to defendant, plaintiff was ordered to pay her attorney "$100 as attorney's fees, said sum to be paid at the rate of $25 per month beginning with the month of February, 1936." This indicates, we think convincingly, that the court had some doubt of plaintiff's ability to meet any substantial accumulation of alimony.

The parties were before the court. The record discloses a most thorough and painstaking effort to get at the facts. The "breathing spell" allowed by the court we cannot say goes beyond its discretionary power.

■ Defendant devotes the greater part of her brief to the claim that, as statutory power was wholly lacking on the part of the court to include in the findings and decree any provision for the support of the children after reaching majority, therefore the present order eliminating that liability likewise goes beyond its jurisdiction. She characterizes the court's action in this regard, in respect of the original judgment as well as in the instant proceeding, as "extrajudicial" and as a "nullity." She cites and relies upon Boehler v. Boehler, 125 Wis. 627, 104 N. W. 840. In that case it appeared that in the wife's suit for divorce she was awarded the care and custody of the minor children. By the decree the husband was required to pay her a stated sum annually as long as that situation continued. The judgment was made a specific lien upon the husband's real estate. In a proceeding authorized by the Wisconsin statute similar to the one we have for consideration here he sought to have his real estate relieved from the lien because the children had reached full age. The wife resisted the application upon the ground that a 24-year old daughter was an incompetent and unable to support herself, hence that the lien should continue. The court in its opinion said that the "plain meaning of the statute as to children is that provision for their maintenance shall be limited to the period of minority." That, in substance, is our own statute (2 Mason Minn. St. 1927, § 8596) which provides that the court "may make such further order as it deems just and proper con-

cerning the care, custody, and maintenance of the *minor children of the parties.*" We think the reasoning of the court in the cited case is sound. But that does not solve the problem in the instant case. Granting that the court was not acting within its jurisdiction when it determined the matter in the first instance, it was equally impotent when the amendatory order was made. What advantage then remains for defendant? If a nullity to begin with such it must remain. According to defendant's own theory of applicable law, no court could, in and as a part of the divorce proceeding, make any provision for the support and maintenance of these children after their majority. Yet defendant now asks this court to reinstate "in the judgment the provision requiring the plaintiff to make payments to the defendant for the use of the children John and Wilma, following the time of their becoming of age, which provision the trial court struck from said judgment." In other words, we are asked to create out of a mere "nullity" something quite substantial. If the original determination was "extrajudicial," a mere "nullity," then it is about time to have it so declared. Plaintiff should not be burdened with an apparent obligation when actuality is lacking.

Order and judgment affirmed.