# JOHN F. PAPAIK v. FERN PAPAIK.[1]

January 11, 1952.

No. 35,574.

*Eckman & Eckman,* for appellant.

*Weinberg & Litman,* for respondent.

LORING, CHIEF JUSTICE.

This matter arises out of a divorce case in which the district court for Carlton county, Minnesota, amended the original divorce decree by relieving the husband of payments of alimony and support money for the minor children of the parties, including arrearages.

August 28, 1946, the husband obtained a default divorce decree

[1]Reported in 51 N. W. (2d) 68.

on the ground of cruel and inhuman treatment. At that time the parties had two children, William, then aged 12, and Audrey, aged 11. The decree provided that the husband pay the wife $75 per month for her support and that of the children; that the wife have the permanent care, custody, and control of the children, but that the husband have a right of visitation "at reasonable times and at reasonable intervals and shall have the right to take the said children from the living quarters provided for them by the defendant one day out of each week at the convenience of the plaintiff." September 8, 1948, on petition of the husband, the court amended the decree by reducing the payments to $45 a month on the basis of a stipulation between the parties. At the same time, the husband also was allowed to settle arrearages by the payment of $135.

The husband later defaulted in the sum of $562.50, and September 8, 1950, on petition of the wife, the district court issued an order to the husband to show cause why he should not be cited for contempt of court. As a result of the hearing on this order to show cause, the court made the order of February 23, 1951, now before us on appeal. It discharged the husband of contempt and relieved him of the payment of all support money, including arrearages.

M. S. A. 518.23 (now superseded by L. 1951, c. 551, §§ 11, 15, which specifically is not retroactive) provides that support orders may be revised "on petition of either of the parties." We construe the statute to require a petition in writing and notice thereof properly served on the party affected by the relief sought. Jurisdiction in divorce matters is statutory. Kienlen v. Kienlen, 227 Minn. 137, 34 N. W. (2d) 351; Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413. Therefore, if the requirement of a petition in writing was not met, the district court had no jurisdiction to so amend.

There was no regular petition by the husband. However, there is an instrument entitled "Affidavit of John F. Papaik." In the affidavit it is stated that it was made in support of a "motion to be relieved of certain support payments." There is no showing that this "motion" was in writing. However, the affidavit goes on to say

that affiant "asks that this Court so amend the existing Order that if any payments are to be made that they be made commensurate with the facts as set forth above." While this instrument nominally was not a petition, in effect it is a petition, thereby vesting jurisdiction in the district court. The wife had notice of the issue, as shown by her affidavit, in which she answered the allegations of the husband's affidavit. From this, we think that the district court had jurisdiction to amend the divorce decree and that the wife had notice.

■ The trial court stated in its order that the husband was relieved of all payments on the grounds—

"that the minor children of the plaintiff show him no affection or respect, that the minor children of the plaintiff have upon many occasions shown their hatred of their father, that the children of said father refuse to visit with him, to the end that he enjoys no right of visitation whatsoever, and for the further reason that the mother, in part at least, is responsible therefor and either by apathy, indifference or direct action upon her part, has permitted or encouraged this relationship to rise up between the father and the said children."

There were no separate findings of fact, and the court's memorandum was not made a part of its order.

It seems to be conceded that the children show no affection for their father. No other material fact is properly established. A letter read into the record from the forestry division of the state conservation department tends to show that the husband obtained a job for the son with the division one summer, but that the boy did not accept it.

However, the then contemplated employment of the son was before the district court when the support money was reduced to $45 a month. An affidavit by the father before the court at that time states:

"5. That affiant is further informed and believes that the son, William Papaik, now on vacation and at the home of this plaintiff,

will be employed by the Forestry Station after the Fourth of July."

Therefore, as to this matter, there was no change of circumstances between the time of that suit and the instant one.

The daughter has been living with the maternal grandparents in Hibbing, Minnesota. In his latest affidavit, the father states that this is without his consent or approval. In the original files, not printed in the record, is an affidavit of the father dated May 26, 1948. It states, "That as affiant recalls, the said child was sent to Hibbing on or about September, 1947." Another affidavit by the father, dated February 23, 1948, contains the following statement:

"6. That the parties had two children, and at the present time, one child is with the defendant and the other child is with defendant's parents at Hibbing, Minnesota."

These affidavits were filed in connection with the former hearing, when the support money was reduced. In her affidavit, the wife states that the father is often in Hibbing and would be able to see his daughter, but that he has made no attempt to do so. Nowhere is this refuted. The wife also states that the support money she has received for the daughter is sent to the grandparents. Novotny v. Novotny, 152 Minn. 420, 189 N. W. 258, also was a case in which a child's custody was given to the mother with visitation allowed the father, but the child lived with the maternal grandparent. The trial court denied the application of the father for a modification of the divorce decree to give him custody of the child. This court said (152 Minn. 422, 189 N. W. 259):

"* * * The fact that she does not know her father would have more weight, *if he had sought to cultivate her acquaintance more earnestly in the past * * *.*" (Italics supplied.)

We can add nothing to this earlier statement by this court.

Since we hold that the trial court's order is not sustained by the evidence, we conclude that the order was an abuse of discretion.

Reversed and remanded for further proceedings on the order to show cause why the father should not be held in contempt of court.