## WALTER S. JOHNSON v. DOROTHY A. JOHNSON.

130 N. W. (2d) 544.

September 4, 1964—No. 39,120.

*Richard F. Bellman* and *Samuel H. Bellman,* for appellant.

*Van Valkenburg, Moss & Flaherty* and *William E. Haugh, Jr.,* for respondent.

FRANK T. GALLAGHER, C.

Appeal from orders of the district court dated December 24, 1962, and April 19, 1963.

This action for divorce was originally commenced by plaintiff on June 24, 1958. Defendant wife interposed a counterclaim and cross bill for divorce. On August 1, 1958, the district court made a temporary order directing plaintiff to pay $100 a month support money for the two minor children of the parties and $40 a month alimony to defendant together with temporary attorney's fees and costs. On December 7, 1959, the court issued an order which provided:

"That part of the order of August 1, 1958, relating to alimony and support for the two minor children, appears, on the evidence submitted to this Court, to be excessive and beyond the plaintiff's ability to pay,

"Now therefore it is ordered that the first paragraph of the order of August 1, 1958, be, and the same hereby is, vacated, and is modified and amended to read as follows: 'That the plaintiff pay to the defendant as and for temporary support for the minor children of the parties the sum of $79.00 per month, which shall be paid to the defendant through the Department of Court Services'."

The case came on for trial December 7, 1960. Both parties were represented by counsel. On February 23, 1961, upon a stipulation by the parties, said court made findings and an order for judgment dissolving the bonds of matrimony between the parties. The final decree provided:

"That plaintiff pay to the defendant for the support of the minor children, each and every week, all net moneys he earns in excess of fifty dollars ($50.00), but in no event shall he pay more than thirteen hundred dollars ($1300.00) for any calendar year. That plaintiff shall make such payments to Court Services, and shall render to Court Services a monthly report, and that the plaintiff shall furnish a report satisfactory to Court Services and shall file with Court Services copies of his income tax returns."

The decree also provided that all support money due and owing the

defendant before the execution of the decree was waived and the plaintiff was relieved from any liability under any former orders. It awarded the defendant title to the real estate described therein—the home in which she was living, which she owned before her marriage to plaintiff. It also provided that the defendant have full title and interest to all household furniture and furnishings in her possession except all personal belongings of the plaintiff.

Subsequent to the date of the final decree, plaintiff inherited property from his father's estate, the major portion of which was a duplex. On March 23, 1962, the court ordered plaintiff to show cause why the court should not amend the divorce decree so as to provide that plaintiff pay alimony and increased support payments.

Over the objections of plaintiff as to amending the final decree to provide for payment of alimony, the district court on December 24, 1962, ordered that the decree of February 23, 1961, be amended by striking the above-quoted paragraph therefrom and inserting in lieu thereof the following:

"That the plaintiff shall pay to the defendant for the support of the minor children the sum of $75.00 a month for each of said minor children. That the plaintiff pay to the defendant the further sum of $40.00 per month for alimony; said payments of support money and alimony money shall be until further order of the Court, and shall be made to Court Services in the time and manner each month agreed upon by the plaintiff and Court Services."

Plaintiff moved for a rehearing on the question of alimony payments, which motion was denied April 19, 1963. He states in his brief that he appeals from the order of December 24, 1962, although his notice of appeal also includes the April 19, 1963, order.

The legal questions raised on appeal are (a) whether the trial court under our statute has jurisdiction to entertain the motion to reopen a final divorce decree and order plaintiff to pay alimony when there was no provision in the original decree allowing alimony; and (b) whether the waiver of all arrearages for support money which was incorporated into the final divorce decree implies a reservation of future alimony.

In a memorandum made a part of the December 24, 1962, order, the court stated:

"* * * The plaintiff was constantly in arrears on his payments of alimony and support money to the extent that it was necessary for defendant to receive aid for dependent children. There was much bitterness and controversy during the pendency of the divorce.

"This case came on for trial December 7, 1960. Both parties appeared with their attorneys, but the defendant withdrew her answer and counter claim and agreed that the plaintiff might prove up his action for divorce as she was weary and tired of the constant controversy and fighting. There was no written stipulation by the parties but the attorneys orally agreed upon the conclusions of law that were incorporated with the findings and that were subsequently incorporated in the decree herein.

"Subsequent to the entry of the decree of February 23, 1961, the defendant [sic] was bequeathed property by his father, chiefly a duplex of the value of approximately sixty thousand dollars.

"March 23, 1962, Honorable Theodore Knudson, Judge of the District Court, signed an order to show cause requiring the plaintiff to show cause why the Court should not make its order amending the decree so as to allow the defendant some alimony and support money for the arrearages owed by the plaintiff and that the Hennepin County Welfare Board be subrogated to the rights of the defendant in view of the fact that said Board had paid out a total of $13,504.68 as aid to dependent children on behalf of plaintiff's and defendant's children. The defendant likewise made a motion for amendment of the decree increasing the amount of support money for the children and also making allowance of alimony for the defendant-wife.

"Counsel for plaintiff objects to any amendment of the decree with respect to any allowance of alimony for the defendant, and contends that the Court is without jurisdiction to modify the decree in this respect. [The memorandum then quoted Minn. St. 1949, § 518.23, superseded by Minn. St. 518.64 referred to hereinafter.]

*　　*　　*　　*　　*

"In the instant case, the decree did not deny the defendant alimony

nor did she waive alimony except as to support money previously due and owing her. This, she waived, and also any liability of the plaintiff under former orders with respect to alimony. This express waiver of arrearages without any waiver of future alimony strongly implies that she was reserving her right to future alimony, otherwise it is difficult to understand why it was not expressly waived or negatived, particularly in view of the fact that counsel for plaintiff drew the findings and conclusions upon which the decree is based.

"Counsel argues that the case of Warner v. Warner, 219 Minn. 59, applies. In this case there was a specific provision providing that there would be no allowance of alimony to the plaintiff-wife of either a temporary or a permanent nature, and that the agreement constituted a full and complete settlement of all of the property rights of the parties and that the plaintiff specifically waived any claim against the property of the defendant or any right for anything of value from said defendant, save and except as provided in said agreement.

"The Warner case is based upon a specific written waiver of alimony; whereas in the instant case there was never any waiver by the defendant-wife, except as to arrearages of alimony. The defendant wife was awarded the equity in the home; however, that cannot be held to have been a substitute for alimony or property settlement.

"This order is without prejudice to the right of the Hennepin County Welfare Board bringing a separate action against plaintiff for the money it has expended for the support of his children."

Minn. St. 518.64 reads in part as follows:

"After an order or decree for alimony or support money, temporary or permanent, or for the appointment of trustees to receive and hold any property awarded as alimony or support money, the court may from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, or support money, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any order respecting these matters which it might have made in the original action * * *."

Minn. St. 518.55 provides:

"Every award of alimony or support money in a judgment of divorce shall clearly designate whether the same is alimony or support money, or what part of the award is alimony and what part thereof is support money. If there are no children, or if custody of the children is not awarded to the wife, any award of payments from future income or earnings of the husband shall be presumed to be alimony. If there are children of the parties the custody of whom is awarded to the wife, or if the custody is divided, any award of payments from the future income or earnings of the husband shall be presumed to be support money unless otherwise designated by the court. In any judgment of divorce the court may determine, as one of the issues of the case, whether or not the wife is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

It is plaintiff's contention that there is no statutory authority under which the district court could have exercised jurisdiction and reopened a final decree to award alimony when the final decree did not provide for alimony. He further contends that § 518.64 applies only when alimony was provided for in the final decree.

Jurisdiction in divorce matters is statutory. Papaik v. Papaik, 235 Minn. 393, 51 N. W. (2d) 68. Alimony is a matter of statutory creation. It is awarded not as a penalty but as a substitute for the husband's duty to provide his wife with adequate support. There is a distinction between alimony for a divorced wife and support money for children. Alimony is governed by statutory enactment. A father's duty to support his children naturally and properly is not suspended by a divorce of their parents. Warner v. Warner, 219 Minn. 59, 17 N. W. (2d) 58.

6 Dunnell, Dig. (3 ed.) § 2805, states that the court has discretionary power at any time to modify an order or judgment awarding alimony but that the power is to be exercised cautiously and only upon clear proof of facts showing that the changed circumstances of the parties render the proposed modification equitable. It further states that the statute which authorizes the revision and alteration of any ali-

mony order or decree limits the court's power to revise and alter an order or decree on the matter of alimony to cases where alimony or other allowances have been given to the wife as a part of the divorce proceedings.

Plaintiff cites Warner v. Warner, *supra*, as controlling on the legal principle that § 518.64 limits the trial court's power to revise or alter an order or decree in the matter of alimony to cases where initially and as a part of the divorce proceedings alimony or other allowances have been given to the wife. The Warner case did hold that under our statute the court had no power, subsequent to entry of judgment allowing no alimony, to make what would amount to a new decree on the subject of alimony. But there are distinctions between that case and the one before us. In the Warner case there was a provision that there would be no allowance of temporary or permanent alimony to the plaintiff wife. The agreement between the parties provided for a full and complete settlement of their property rights and the plaintiff wife waived any claims against the defendant except those provided for in the agreement, and her proceeding to amend the decree was brought about 15 years after the divorce decree was entered.

In her brief defendant asserts that plaintiff brought the divorce action on the grounds of cruel and inhuman treatment; that she answered and counterclaimed for a divorce on like grounds; that in her counterclaim she requested an order of the court granting her temporary and permanent alimony; that an award of temporary alimony was granted her; that before the hearing on the divorce case the court suspended plaintiff's liability to pay her temporary alimony; and that plaintiff paid nothing toward the support of his children from September 2, 1959, to the time of the hearing on the divorce matter on December 7, 1960.

Defendant further sets out that in this state of affairs plaintiff's attorney asked that the record show that the plaintiff and the defendant and their attorneys, who were all present in court, had discussed the question of settlement; that they proposed that the plaintiff waive any right to the home in which the parties resided and which defendant then owned; that plaintiff waive any dowry rights in said property; that defendant waive any claim for *prior* alimony or support money;

and that defendant indicated she would withdraw her answer and counterclaim and that plaintiff might proceed as though the matter was in default.

Defendant also states in her brief that the attorneys then discussed the matter of the support provisions for the children. She claims that no mention was made of a waiver of her rights to have the question of alimony adjudicated; that the case then went on for hearing as uncontested. She also claims that plaintiff's attorney then prepared findings of fact, by the terms of which custody of the minor children of the parties was given to her; that a provision for payment of support money for the minor children of the parties was included as well as a provision that all *support money heretofore* owing to her was waived and that plaintiff was to be relieved from any liability under any *former* orders entered in the matter. She states that, although plaintiff's attorney prepared the findings, nothing was said to indicate that she waived her right to an adjudication of the question of alimony.

In the memorandum made a part of the order granting alimony to the defendant, the trial judge found that the divorce decree *did not deny her alimony and that she did not waive it,* except as to support money previously due and any liability of plaintiff under former orders with respect to alimony. It is our opinion that the record here supports this determination. After all, the trial judge was most familiar with all of the problems involved in the case; he heard the evidence submitted by the parties at the trial, also the oral agreements made by the attorneys for the respective parties as well as the later motion requesting alimony for the defendant. Under all of those circumstances it appears to us that he had the authority to determine as one of the issues of the case whether or not the defendant was entitled to alimony, notwithstanding that no award was actually made at the time the divorce decree was entered, or at least to reserve jurisdiction of the issue of alimony for determination at a later date. See, Minn. St. 518.55.

Respondent is allowed $250 as attorney's fees in this court.

Affirmed.