Arthur C. MELAMED, Petitioner, Respondent,

v.

Helen R. MELAMED, Appellant.

No. 49434.

Supreme Court of Minnesota.

Nov. 9, 1979.

Dorfman, Goff & Hauge and Leo Dorfman, Minneapolis, for appellant.

Holmes & Graven, David L. Graven, and John M. LeFevre, Jr., Minneapolis, for respondent.

Heard before OTIS, ROGOSHESKE, and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This matter involves an action for marriage dissolution commenced by respondent Arthur C. Melamed and a cross-petition for divorce filed by appellant Helen C. Melamed. Various pretrial motions were made by the parties, which, *inter alia*, resulted in the ordering by the Hennepin County District Court of temporary attorney fees for appellant and the sale of the parties' homestead while the action was pending. After a seven-day trial, the district court concluded that the marriage be dissolved; that neither respondent nor appellant receive alimony; that appellant's attorney be awarded permanent attorney fees to be paid out of the proceeds from the sale of the couple's homestead; and that the marital property be divided in a certain manner. Appellant appeals from the district court's decision, challenging the court's refusal to grant her alimony, the propriety of the property disposition, the sale of the homestead before final judgment was entered, and the court's granting of a property interest to the couple's children. Respondent, by way of a notice of review, also takes issue with the property division and asserts that the award of fees, both temporary and permanent, to appellant's attorney was improper. We affirm in part and modify in part.

Upon a careful and thorough review of the record we believe the trial court's discretionary rulings concerning alimony and property division,[1] as respects both parties, are reasonable and thus they will not be disturbed on appeal. See, Minn. Stat. § 518.58 (1978); *Hertz v. Hertz*, 304 Minn. 144, 229 N.W.2d 42 (1975); *Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970). Likewise, the district court's determination relative to attorney fees did not exceed the court's discretionary authority and, accordingly, we conclude that the trial court acted properly in this regard. *See, e. g., Bollenbach, supra.*

The trial court, though, did not have the power to order the homestead sold prior to the entry of final judgment.[2] As appellant points out, a trial court's authority in divorce proceedings is strictly limited to that provided for by statute. *Ostrander v. Ostrander*, 190 Minn. 547, 252 N.W. 449 (1934); *Nelson v. Nelson*, 149 Minn. 285, 183 N.W. 354 (1921). The only statute specifically relating to the sale of marital property

---

1. It should also be noted appellant argues that, as a matter of law, the trial court erred by considering marital "fault" in dividing the couple's assets because 1978 Minn.Laws, ch. 772, § 53, eliminates fault as a factor. However, that statutory provision does not apply to this case because the instant appeal was filed prior to March 1, 1979, the statute's effective date. 1978 Minn.Laws, ch. 772, §§ 61(d), 64. *See, also, Elliott v. Elliott*, 274 N.W.2d 75, n. 7 (Minn.1978). Thus, the decision in *Peterson v. Peterson*, 308 Minn. 365, 242 N.W.2d 103 (1976), which allows fault to be considered, is controlling here. Nevertheless, appellant asserts that the policy expressed by the amendment precludes using fault as a factor. This argument ignores the effective date of the statute which was specifically incorporated into the amendment and is a clear expression of legislative intent as to what law should be applied in a case such as this. Accordingly, we reject appellant's contention.

2. The trial court apparently reasoned, in part, that the homestead, which was valued around $300,000, should be sold because of the great expense involved in its upkeep. In addition, respondent had received a reasonable offer to purchase the home and it was feared that if this offer were not accepted it would be difficult or impossible to sell this expensive house at a later time for a fair price.

is Minn.Stat. § 518.65 (1978), which allows a court to order property sold to "effect a division or award of property as is provided by section 518.58." Minn.Stat. § 518.58 (1978) states, in pertinent part, that a trial court may divide marital assets "[u]pon a dissolution of a marriage * * *." Thus, reading §§ 518.65 and 518.58 together, a trial court is given the authority to order the sale of marital property upon the issuance of a final decree of marriage dissolution. It is apparent, then, that § 518.65 cannot be relied upon to authorize the sale of the homestead while the dissolution proceeding is pending. Since no other legislation grants the court such power,[3] we believe the trial court exceeded its authority in ordering that the homestead be sold.

Appellant, however, has not shown such prejudice as a result of this error as would entitle her to the requested relief (appellant requests that, due to the trial court error, she be awarded the couple's condominium located in Palm Springs, California). There is no substantial evidence in the record which indicates that appellant had a need for or a strong interest in being awarded the homestead, as opposed to the proceeds from its sale. She has lived year-round in California since 1974, and only occasionally visits Minneapolis. Moreover, if appellant had been sincerely interested in preserving the property for her ultimate use, she could have attempted to appeal from the trial court's order allowing the sale and, if that order was not appealable,[4] she could have petitioned the court for extraordinary relief. In essence, it appears that appellant is seeking a greater share of the marital property because of an error on the part of the trial court which did not result in a substantial injury to her. Accordingly, her requested relief is denied.

Appellant also contends that the trial court did not have the authority to award the couple's children a remainder interest in the Palm Springs condominium. Although the trial court's disposition of the condominium[5] is logical, we agree with appellant that the trial court did not have the power to award the children a property interest because no statute confers such authority on the court. *See, Johnson v. Johnson*, 284 Minn. 181, 169 N.W.2d 595 (1969); *see, also, Snyder v. Snyder*, 42 Mich.App. 573, 202 N.W.2d 504 (1972). Thus, the trial court's granting of a remainder interest to the children is hereby declared null and void and, consequently, this interest will revert back to respondent, in whose name the condominium property was held[6] at the time this action was commenced. So, in effect, respondent's ownership of the condominium remains unchanged, except for the life estate granted to appellant[7] that commences upon respondent's death. This result is con-

---

3. Respondent argued before the trial court, but does not contend in his brief on appeal, that Minn.Stat. § 518.16 (1976) conferred authority on the district court to order sale of the homestead prior to the issuance of a decree dissolving the marriage. That statute states:

    CUSTODY OF CHILDREN DURING PENDENCY. The court, on the application of either party, may make such order concerning the care and custody of the minor children of the parties, and their suitable maintenance, during the pendency of such proceeding, *and such temporary orders relative to the persons or property of the parties, as shall be deemed necessary and proper.* [Emphasis added.]

    Since the above law refers to child custody and "temporary" orders, it is clear that the statute does not vest a trial court with the authority to order sale of the homestead while the marriage dissolution proceeding is pending.

4. The trial court's interlocutory order would be appealable if it is viewed as "involving the merits of the action or some part thereof." Minn.R.Civ.App.P. 103.03(d). There is no case law relating to whether an order such as the one involved here comes within the meaning of Rule 103.03(d).

5. The trial court awarded respondent (age 83) a first life estate in the property, appellant (age 64) a second life estate, and the couple's children the remainder interest.

6. Prior to the trial court's decision in this case respondent owned, solely in his name, a leasehold interest in the condominium which terminates in the year 2017.

7. We note that the trial court acted well within its discretionary authority in granting appellant a second life estate in the condominium and, accordingly, the award of this property interest to appellant is hereby affirmed.

sistent with statutorily conferred authority and gives effect to the trial court's obvious intent to award appellant nothing more than a life estate in the condominium and to allow respondent to designate his heirs as beneficiaries of the remainder interest.

Affirmed in part; modified in part; and remanded for the entry of judgment in accordance with the decision reached herein.

Costs and disbursements occasioned by this appeal are not to be allowed to either party. Minn.R.Civ.App.P. 139.05.

TODD, J., took no part in the consideration or decision of this case.