Kraig A. TAYLOR, et al., Respondents,

v.

Janice B. TAYLOR, Appellant.

No. C6–87–978.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Scott C. Neff, Neff & Lager, Virginia, for respondents.

John A. Trenti, Robert H. Stephenson, Trenti Law Firm, Virginia, for appellant.

Considered and decided by RANDALL, P.J., CRIPPEN and MULALLY,* JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

On appeal from a summary judgment, Janice Taylor contends that the trial court erred in concluding that she was unjustly enriched by receiving life insurance proceeds in knowing violation of a decree which restricted the decedent's ability to designate beneficiaries and purported to give his children a vested interest in his life insurance plan. We affirm.

## FACTS

Kraig and Kerry Taylor are two of the children of Glover Taylor, whose marriage to Lillian Taylor was dissolved by a decree dated June 14, 1977. The decree required Glover Taylor to pay child support until his children were emanicipated, and further provided:

> 5. That the respondent [Glover Taylor] shall continue to maintain his life insurance coverage for the benefit of the 2 minor children and said minor children shall have a vested interest in respondent's life insurance plan through his employment, which plan shall continue until the minor children reach 25 years of age, whereupon the obligation of the respondent to maintain said life insurance policy for the benefit of the minor children shall terminate and the respondent shall become the sole and exclusive owner of said policy and may designate a change of beneficiary if he desires.

On January 28, 1983, Glover Taylor changed his life insurance policy to desig-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

nate appellant Janice Taylor, his second wife, sole beneficiary.

In a hearing before the trial court, appellant conceded that she was aware of the beneficiary restriction in the dissolution decree and that she knew Glover had instituted the change notwithstanding the decree.

On January 7, 1986, when respondents Kraig and Kerry Taylor were 23 and 24, Glover Taylor died. Janice Taylor received the proceeds of his life insurance policy, and respondents brought this action to recover those proceeds. The trial court granted their motion for summary judgment, reasoning that Janice Taylor could not collaterally attack the validity of the earlier dissolution decree and would be unjustly enriched if she were allowed to retain those proceeds. This appeal followed.

## ISSUES

1. Is a dissolution judgment subject to collateral attack on the assertion that a provision of that judgment was beyond the power of the court?

2. Is respondents' action barred by their concurrent assertion of a probate claim against the decedent's estate for his violation of the insurance provision of the dissolution decree?

## ANALYSIS

### I

■ The trial court entered summary judgment against Janice Taylor on the ground that she had been unjustly enriched by receiving insurance proceeds in knowing violation of a dissolution decree restricting the decedent's ability to designate beneficiaries. She contends on appeal that the trial court erred in not disregarding that prior order.

In concluding that the dissolution decree was not subject to collateral attack, the trial court relied on a 1929 supreme court opinion which stated that even if a child support judgment had gone beyond the trial court's authority,

the remedy was by appeal. The judgment as rendered cannot be attacked collaterally by plaintiff in the present action.

*Limnell v. Limnell,* 176 Minn. 393, 397, 223 N.W. 609, 611 (1929) (citing *Mahoney v. Mahoney,* 59 Minn. 347, 61 N.W. 334 (1894) (lien for alimony, and provision for execution process to enforce lien, not subject to collateral attack).

Janice Taylor nevertheless argues that the dissolution decree exceeded the court's authority in that it provided insurance for the benefit of the children after they reached the age of majority. Because the decree exceeded the court's statutory authority, she contends it was null and void. *See Melamed v. Melamed,* 286 N.W.2d 716, 717 (Minn.1979); *Sivertsen v. Sivertsen,* 198 Minn. 207, 212–13, 269 N.W. 413, 416 (1936).

*Melamed* and *Sivertsen* are distinguishable in that they involved direct appeals from the challenged judgment. In *Melamed,* the appellant challenged an award of property to the parties' adult children, and the court "declared" the award "null and void" on direct appeal. *Melamed,* 286 N.W.2d at 718. Similarly, in *Sivertsen* the court refused to reinstate a provision for adult child support that had been beyond the powers of the trial court and was later withdrawn by the trial court, reasoning that the provision was a nullity to begin with, and remained a nullity. *Sivertsen,* 198 Minn. at 213, 269 N.W. at 416.

In addition, respondents dispute appellant's contention that the insurance provision is void, arguing that it fell within the scope of the dissolution court's broad equitable powers. *See Bollenbach v. Bollenbach,* 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970); *Anderson v. Anderson,* 260 Minn. 226, 230–31, 109 N.W.2d 571, 575 (1961). However, because we conclude that *Limnell* controls, we need not decide whether the dissolution court exceeded its powers in making the provision, since even an excessive decree cannot be collaterally attacked in this proceeding.

The *Limnell* court makes a valid distinction between direct and collateral attacks. In a direct attack, as by appeal, the parties are able to present all of the equities of the

challenged decision. That distinction applies with particular force in family law matters, since the consent of a party may estop that party from challenging an otherwise invalid order. *See Labelle v. Labelle,* 302 Minn. 98, 112, 223 N.W.2d 400, 408–09 (1974) (although a court on its own motion cannot validly order support for adult children, defendant who agrees to support provisions is estopped from claiming that they are void). In a direct attack, the original parties are before the court, which is thus able to consider their views and any actions indicating acceptance of the disputed decree.

That opportunity is missing in a collateral attack. Appellant's cited authority for allowing collateral attack, *Sache v. Wallace,* 101 Minn. 169, 171, 112 N.W. 386, 387 (1907), is distinguishable in that it involved a grant of relief in excess of that requested in the complaint, and the court's lack of authority was thus apparent on the face of the record. We also decline to adopt appellant's argument that a court which exceeds its powers commits a fraud upon itself, since even if that were grounds for vacating the judgment, appellant Janice Taylor would still not have standing to attack it.

In this case, as in *Limnell,* no one questions the dissolution court's jurisdiction over the subject matter and the parties to the dissolution proceeding. In view of the trial court's broad authority over dissolution matters, as well as the possibility of estoppel raised by the decedent's failure to challenge that order, it cannot be said that the dissolution decree is subject to attack in this proceeding. The trial court properly rejected appellant's collateral attack on its validity.

## II

 Appellant also argues that this action is barred by respondents' concurrent assertion of a probate claim against decedent's estate for his violation of the insurance provision of the dissolution decree. However, the probate court would have exclusive jurisdiction over this action only if the subject matter, the rights in question, and the parties to the probate litiga-

tion are identical. *State ex rel. Minnesota National Bank v. District Court,* 195 Minn. 169, 173, 262 N.W. 155, 157 (1935). In this case, the probate claim is against the decedent, not Janet Taylor. The legal theories involved in the two actions differ, and appellant has not shown that the probate court has jurisdiction over her or the insurance proceeds. No grounds appear for barring this action.

## DECISION

The trial court did not err in holding that appellant could not collaterally attack the provision of the dissolution decree, and concluding that she would be unjustly enriched by the retention of the insurance proceeds.

Affirmed.