MARY J. CONKLIN v. HENRY CONKLIN.[1]

October 14, 1904.

Nos. 14,133—(156).

**Divorce—Alimony—Appeal.**

In an action for divorce the sufficiency of the pleadings with respect to alimony cannot be reviewed upon appeal from the judgment in the absence of a bill of exceptions or "case," since the parties may have voluntarily litigated that question. Peach v. Reed, 87 Minn. 375.

**Review of Finding.**

The trial court having found the value of the personal property, and having failed to find it incumbered, as alleged in defendant's answer, this court cannot review the same, in the absence of a bill of exceptions or "case."

**Alimony—Judgment.**

The trial court allowed plaintiff $250 alimony, and adjudged that she retain possession of certain of defendant's personal property until payment of that amount, and decreed that it be a specific lien upon such property until payment. *Held*, that part of the judgment with reference to a specific lien may be regarded as immaterial; the legal effect of the judgment being that plaintiff retain possession of the property until payment of the alimony.

Appeal by defendant from a judgment of the district court for Faribault county, entered pursuant to the findings and order of Quinn, J. Affirmed.

*Benj. G. Reynolds,* for appellant.
*C. J. Laurisch,* for respondent.

LEWIS, J.

Action for divorce from defendant upon the ground of cruel and inhuman treatment, which the court granted, and found that defendant was the owner of certain personal property, consisting of live stock and farm implements, located upon plaintiff's premises, and in her possession. The court also decreed that plaintiff recover $250 alimony, which, together with the costs of the action, be made a specific lien

[1] Reported in 101 N. W. 70.

upon the personal property above mentioned, and that plaintiff retain possession thereof until the amount should be paid. Judgment to that effect was entered, from which defendant appeals.

1. In the absence of a bill of exceptions or "case," it will be assumed that the question of alimony was voluntarily litigated by the parties, conceding that the complaint was sufficient in that respect. Peach v. Reed, 87 Minn. 375, 92 N. W. 229.

2. The personal property found to belong to defendant was determined by the court to be of at least the value of $700, and, if mortgaged in the sum of $300, as alleged in the answer, the amount of alimony would be in excess of one-third of the value of the property (G. S. 1894, § 4807); but the court did not find that the property was mortgaged, and the findings cannot be reviewed upon the record presented on this appeal.

3. Under section 4807 the court had authority to make the amount of alimony a specific lien upon specific parcels of the husband's real estate, and was authorized to enforce payment by execution against his property, real and personal; but there is no definite authority granted to decree the amount of alimony as a specific lien upon personal property. It was found that the personal property in question was in plaintiff's possession, and the decree was to the legal effect that she retain it until the amount should be paid. That a specific lien was decreed may be regarded as surplusage, or immaterial. The means adopted to secure payment were within the general powers of the court. While execution might have issued, and the property have been sold thereunder, it was for defendant's interest that such expensive course be avoided unless actually necessary. Under the decree plaintiff simply holds the property as security. She can neither sell nor dispose of it without applying to the court for a modification of the judgment; and a like course is open to defendant, if he deems himself injured thereby.

Judgment affirmed.