# BERTHA LONGBOTHAM v. THOMAS B. LONGBOTHAM.[1]

August 2, 1912.

Nos. 17,716—(208).

**Divorce — defense of insanity — alimony.**

Appeal from a judgment granting the plaintiff an absolute divorce on the ground of defendant's cruel and inhuman treatment of her. *Held:*

1. The trial court did not abuse its discretion in denying defendant's application to amend his answer on the trial.

2. Insanity is a defense to an action for a divorce on the ground of cruel and inhuman treatment, if at the time the alleged acts of cruelty were committed the defendant was laboring under such a defect of reason as not to know the nature of his acts or that they were wrong. The evidence is not sufficient to bring this case within this rule.

3. The district court is authorized to award to the wife as permanent alimony a gross sum and make it a lien on the husband's real estate, or to give her specific part of his real and personal property, or an undivided part or interest in the whole thereof, as may be found for the best interests of the wife under the circumstances of each case.

4. The findings of fact are justified by the evidence, and they support the conclusions of law and the judgment.

Action in the district court for Ramsey county for an absolute divorce and suitable support for plaintiff and the minor children. The case was tried before Dickson, J., who made findings and conclusions of law as stated in the opinion. From the judgment entered pursuant to the findings, defendant appealed. Affirmed, without prejudice to the right of defendant, if so advised, to apply to the trial court for a modification thereof as to the lien on his personal property.

*Schmidt & Waters* and *L. O. Rue,* for appellant.

*Edward C. Stringer, McNeil V. Seymour* and *Edward S. Stringer,* for respondent.

[1] Reported in 137 N. W. 387.

Note.—As to validity of provision in decree for alimony declaring a lien on husband's personalty, see note in 30 L.R.A.(N.S.) 1062.

STArt, C. J.

Appeal by the defendant from a judgment of the district court of the county of Ramsey, granting the plaintiff an absolute divorce on the ground of his cruel and inhuman treatment. The complaint alleged that the defendant during the times alleged therein falsely and persistently charged the plaintiff with infidelity and illicit intimacy with another man; that such charges were without any foundation whatever, and were made not only to the plaintiff, but to her sons, neighbors, and others; that on several occasions he threatened to kill her, and did choke and beat her; and, further, that such conduct of the defendant has seriously impaired her health.

These allegations of the complaint were denied by the answer, which alleged, as a counterclaim or cross-bill, that the plaintiff was guilty of cruel and inhuman treatment of the defendant and had deserted him; that to deprive him of his property and to get possession thereof she, well knowing that he "was not insane, is not insane now, and never was insane," charged him with being insane, and by the perjured testimony of herself and children caused him to be committed to the hospital for the insane at St. Peter.

The reply denied the allegations of the cross-bill and alleged that the defendant in 1909 was duly adjudged insane by the probate court and committed to the asylum for treatment.

On the trial of the cause, and after the plaintiff had rested her case, the defendant offered in evidence the records of the probate court showing that the defendant was committed to the hospital for the insane for treatment. The plaintiff objected to the evidence as a defense to any acts of the defendant on the ground of insanity, for the reason that it was not pleaded, but no objection to the evidence was made if it was offered as tending to prove the allegations of the cross-bill. The objection was sustained. The defendant then asked leave to amend his answer so as to plead insanity as a defense to any alleged acts of cruelty committed prior to his commitment to the hospital. The plaintiff objected to the proposed amendment on the ground that it tendered entirely new issues. The court denied the application, and the defendant excepted to the ruling. The defendant then introduced the records of the probate court, to support the

allegations of his cross-bill, which showed that the defendant was adjudged insane and committed to the hospital September 29, 1909, paroled January 21, 1910, and discharged April 5, 1910; that he was again adjudged insane on July 22, 1910, but, a bond having been given for his safe-keeping, he was not sent to the hospital; and, further, that he was restored to capacity by the order of the probate court on December 14, 1910. He verified his answer herein on September 11, 1911.

The trial court, upon a consideration of all the evidence, found as facts that the defendant was guilty of the several acts of cruel and inhuman treatment alleged in the complaint; that such conduct seriously impaired her health and endangered her life; that the plaintiff owned a lot in Merriam Park, which, with the house thereon, was the homestead of the parties; that he claimed to be the owner of the furniture therein; that he claimed to be the equitable owner of two hundred forty acres of land in the county of Grant, this state, the record title of which was in the name of one of his sons; that he was a traveling salesman capable of earning from $100 to $125 per month; and, further, that he was an improper person to have the custody of a son of the parties, who was fourteen years old.

The court, as conclusions of law, directed judgment in favor of the plaintiff granting her an absolute divorce, awarding her as permanent alimony an undivided one-third of the homestead and of any other real estate in the state of Minnesota belonging to the defendant, also one-third of any personal property in the house which is a part of the homestead belonging to him, and further awarding the care and custody of the minor son to the plaintiff, and requiring the defendant to pay to her $30 each month for the support of the son, and making it a specific lien on any personal property of the defendant situated in the homestead and on any interest he may have in the land in Grant county. Judgment was so entered.

1. The first contention of the defendant is that the trial court erred in denying his application, made on the trial, to amend his answer. The amendments of pleadings is a matter resting in the discretion of the trial court, and its action will not be reversed except for a clear abuse thereof. We are of the opinion that the trial judge

did not abuse his discretion in this case, but, on the contrary, that he fairly exercised it, in view of the circumstances disclosed by the record. The answer was made nine months after the defendant was restored to capacity. No claim was or is made of any mistake or misunderstanding as to the allegations of the answer or the legal effect thereof, nor was any reason shown which would justify an amendment, on the trial, which was an abandonment of the issues tendered by the original answer and the substitution of entirely new ones. It is true, as defendant claims, that the reply alleged that the defendant had been adjudged insane and committed to the hospital for treatment; but this was defensive matter in reply to the charge in the answer that the plaintiff, well knowing that he was sane, had by perjury caused him to be committed to the hospital. If the original answer had alleged insanity as a defense to the acts of cruelty charged in the complaint, the plaintiff would then have had ample time for investigation and preparation to meet the issue tendered, which she could not do if tendered for the first time on the trial.

2. The defendant also urges that the findings of fact of the trial court are not sustained by the evidence, and that the facts found do not sustain its conclusions of law. The principal contention in this connection is to the effect that it is practically conclusive from the record that the several alleged acts of cruelty charged against him were, if committed, the result of his insanity. The record shows that no such issue was tendered by the answer or tried by the court. The proceedings whereby the defendant was committed to the hospital for the insane were received in evidence, after motion to amend the answer was denied, only as tending to support the allegations of the defendant's cross-bill; but, were it otherwise, there was no evidence which would sustain the defense of insanity to the charges made against him in the complaint. Insanity is a defense to an action for a divorce on the ground of cruel and inhuman treatment, if at the time the alleged acts of cruelty were committed the defendant was laboring under such a defect of reason as not to know the nature of his acts or that they were wrong. R. L. 1905, § 4756. The fact that the defendant had been adjudged insane and committed to the hospital for treatment does not necessarily establish that

he was insane, within the rule stated, when the several acts of cruelty were committed. See Knox v. Haug, 48 Minn. 58, 50 N. W. 934. This being a divorce action, we have considered the evidence relative to the defendant's insanity when the acts of cruelty were committed, although there was no issue as to the matter, and find that it is not sufficient to require or sustain a finding that the defendant was insane. We accordingly hold that the findings of fact are sustained by the evidence, and that they sustain the conclusion of law and judgment that the plaintiff was entitled to an absolute divorce. The evidence was not sufficient to require a finding that the plaintiff deserted the defendant.

3. The only other question presented by the assignments meriting special consideration is whether the facts found sustain the judgment as to the award of alimony. The specific objection is that the court was not authorized to award the wife as permanent alimony an undivided interest in the real estate of her husband, but that its value should have been ascertained and not exceeding one-third thereof assigned to the plaintiff.

The statute (R. L. 1905, § 3590) provides that the court may order and decree to the wife "such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties and all other circumstances of the case." The word "part" is used in this statute in its broadest sense and as the equivalent of share or portion. We so construe the statute, and hold that it authorizes the court to award to the wife as permanent alimony a gross sum, or a specific part of the husband's real and personal property in severalty, or an undivided part of the whole thereof, not exceeding in value one-third of his property, as the court may find to be for the best interests of the wife under the circumstances of each particular case. Mahoney v. Mahoney, 59 Minn. 347, 61 N. W. 334. The court, however, should award to the wife an undivided part of the husband's property with caution, for the tendency of such an award is to excite strife and litigation between the divorced parties. The uncertainty of the interest of the defendant in a portion of his real estate justifies the award of an

undivided interest in this case. We find no error in the award in this respect and hold that it is sustained by the findings of fact.

The last assignment of error to be considered is that the trial court had no authority to make the allowance for the support of the minor son a lien on the personal property. This must be conceded. The authority of the court to make its decree for alimony or allowances a lien on the property of the husband is purely statutory (14 Cyc. 783), and our statute (R. L. 1905, § 3590) limits, by necessary implication, the right to real estate; but the court may provide for execution against both real and personal property to enforce payment of the amount awarded. Conklin v. Conklin, 93 Minn. 188, 101 N. W. 70. The question, however, seems to be one of no particular importance in this case, as it does not appear from the record that the defendant is prejudiced by the decree in this respect. The finding of the court is not that he owns any personal property, but simply that he claims to be the owner of certain household furniture. In any event, we are of the opinion that the action of the trial court is not such prejudicial error as to require a reversal of the judgment, as the defendant, if aggrieved by this part of the judgment, may have leave to apply to the trial court for a correction thereof.

The findings of fact herein are justified by the evidence and they sustain the conclusions of law and judgment.

It follows that the judgment must be affirmed, without prejudice to the right of the defendant, if so advised, to apply to the trial court for a modification thereof as to the lien on his personal property. So ordered. No statutory costs allowed.