### JACOB A. KUNZ v. BERTHA M. KUNZ.[1]

May 13, 1927.

No. 25,673.

**Cruel treatment resulting from insanity of spouse not ground for divorce.**
Inasmuch as insanity, under our statute, is not a ground for divorce, acts of cruel and inhuman treatment which result from a diseased mind are no cause for divorce.

Divorce, 19 C. J. p. 71 n. 16; p. 77 n. 20.

---

See note in 34 L. R. A. 164; 9 R. C. L. 334.

Defendant appealed from a judgment of the district court for Hennepin county, Reed, J. Reversed.

*Loring & Anderson,* for appellant.

*Geo. M. Bleecker* and *Loren C. Babcock,* for respondent.

STONE, J.

Action for divorce, wherein judgment was ordered for plaintiff husband upon the ground of cruel and inhuman treatment. Defendant appeals from the judgment.

But one question is involved. The finding of cruel and inhuman treatment of plaintiff by defendant would have ample support in the evidence were it not plain that all defendant's conduct, which furnishes the basis for the finding adverse to her, is but the symptom and result of a disordered mind. It is a typical case of delusional insanity, its first manifestations having as their subject matter the two persons nearest defendant's heart. One was her last born

[1] Reported in 213 N. W. 906.

child, and the other plaintiff, her husband. The existence of the insane delusions is demonstrated by the record and it is unnecessary to detail them.

From its beginning, some five years ago, the disorder seems to have been progressive. Of course it is true that the situation became so unbearable for plaintiff that he had to leave the family home and establish a separate residence. There is no suggestion that he has not done his full duty in providing solicitous care and maintenance of his mentally sick wife and their four children. She and they occupy the family home, and defendant has maintained it for them. But however serious, from plaintiff's standpoint, the situation may be, to whatever extent he has been unjustly accused and otherwise harassed, he is not entitled to a divorce. That is for the simple reason that his wife's conduct, of which he now complains, is explainable on no other hypothesis than that of aberration. Insanity itself not being a ground for divorce, its symptoms and results cannot have that effect. Insanity is a mental disease, and disease of the mind no more than illness of the body is recognized by the law of this state as ground for divorce. "If insanity itself after marriage is no cause for divorce, nothing which is a consequence of it can be." 9 R. C. L. 334. See also annotation, 34 L. R. A. 161. Any change of the law in that respect must come from the legislature rather than the courts.

The only decision of this court cited by counsel on the controlling issue is that of Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387. There it was said that "insanity is a defense to an action for a divorce on the ground of cruel and inhuman treatment, if at the time the alleged acts of cruelty were committed the defendant was laboring under such a defect of reason as not to know the nature of his acts or that they were wrong." The test so adopted is the statutory one for mental responsibility for criminal acts. G. S. 1923, § 9915. Therefore, if it is applicable outside of the criminal law and particularly in divorce actions, the test cannot be narrowed by construction. In this case the argument for plaintiff that defendant must have known the quality of her acts and that

they were wrong is not sustained by the record. Neither is there basis for the claim that a cause of divorce accrued against defendant before the onset of her mental disorder.

A procedural difficulty arises from the absence of any finding on the question of insanity. But we consider that the evidence compels the finding that defendant's conduct was due wholly to her mental disorder.

Judgment reversed.