# GRACE F. MAUST v. SAMUEL L. MAUST.[1]

June 7, 1946.

No. 34,187.

CHRISTIANSON, JUSTICE.

This is an action for divorce brought by plaintiff upon the ground of cruel and inhuman treatment. Defendant answered, putting in

[1]Reported in 23 N. W. (2d) 537.

issue the allegations of cruel and inhuman treatment, and interposed a cross-complaint wherein he charged plaintiff with cruel and inhuman treatment and demanded judgment of divorce in his favor and that he be awarded one-half the property procured by plaintiff from him.

The trial court found that the charges made by plaintiff against defendant were not true, that the charges made by defendant against plaintiff were true, and that defendant was entitled to an absolute divorce from plaintiff. The court also found that at the time of trial plaintiff had title to and in her possession property, other than household goods, of the value of $36,511, of which two-thirds had been procured through defendant, and that defendant was entitled to the sum of $12,170.33, which would be one-half the value of the property procured by plaintiff through defendant. Plaintiff made no motion for a new trial. Judgment in favor of defendant was accordingly entered. Plaintiff appeals from the judgment.

There having been no motion for a new trial, the scope of our review in this case is limited. As stated in Potvin v. Potvin, 177 Minn. 53, 224 N. W. 461:

"On appeal from a judgment after trial by the court, no motion for a new trial having been made and no errors in rulings or proceedings at the trial being involved, the questions for review are limited to a consideration of whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and judgment."

In Thom v. N. P. Ry. Co. 190 Minn. 622, 627, 252 N. W. 660, 662, where there had been no motion for a new trial and the appeal was from the judgment, the court said:

"* * * The judgment will not be reversed even though the evidence was such that the trial court in its discretion ought to have granted a new trial; it must be clear from the whole record that the moving party, as a matter of law, was entitled to judgment on the merits. Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; Farmers

State Bank v. Merchants & M. State Bank, 164 Minn. 300, 204 N. W. 965. In other words, the evidence must be so conclusive as to compel, as a matter of law, a contrary result." (Citing cases.)

Plaintiff does not challenge the findings with respect to cruel and inhuman treatment and the granting of a divorce to defendant. She does, however, contend that there is insufficient evidence to support the findings with respect to the amount of property found to have been procured by her through defendant, and she further asserts that the court erred in awarding defendant a money judgment against her.

Minn. St. 1941, § 518.19 (Mason St. 1927, § 8598), provides:

"* * * In case of a divorce obtained by a husband, any real or personal property to which she procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to the husband; the court having regard to the ability, character, and situation of the parties, and other circumstances of the case."

The trial court's findings that plaintiff, at the time of trial, had title to and in her possession property of the total value of $36,511, exclusive of household goods, and that of such property two-thirds thereof had been procured by her through defendant, are in our opinion amply sustained by the evidence. It is neither necessary nor proper that we here go into a lengthy and detailed discussion of such evidence for the purpose of justifying the findings of the trial court. As said by Mr. Justice Julius J. Olson in Meiners v. Kennedy, 221 Minn. 6, 9, 20 N. W. (2d) 539, 540:

"We do not intend, nor is it within our province, to go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the trial court. Rather, our duty is fully performed when we have fairly considered all the evidence and from it have determined that it reasonably supports the findings. The question is 'not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to

establish the facts found.' Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 203, 300 N. W. 811, 813."

■ The fact that property received by plaintiff from defendant in this case, whether in the form of money or otherwise, has been converted into other property or used in acquiring other property does not deprive defendant of the benefits of § 518.19 (§ 8598).

"* * * Where property received from or through the husband, whether in the form of money or in some other form, has been converted into other property or its proceeds used to acquire other property, we think that such other property or so much thereof as represents and stands in the place of that received from or through the husband, is within the operation of the statute." Narva v. Narva, 167 Minn. 80, 82, 208 N. W. 643, 644.

It was proper to award defendant a sum of money representing one-half the value of the property that plaintiff procured through him instead of decreeing to defendant a portion of specific property owned by plaintiff. The statute providing for the division of property under the circumstances here involved was enacted for the purpose of securing an equitable distribution of property between the parties. To insist, as does plaintiff, that the division must, under the statute, be in kind would not satisfactorily effectuate the purpose of the statute. The bitterness and animosity existing between the parties to this action, as clearly demonstrated by the record, indicates with certainty that any decree which would make plaintiff and defendant joint owners of the property here involved would lead to further strife and litigation. This court has recognized the undesirability of such joint ownership and has cautioned against it. In Longbotham v. Longbotham, 119 Minn. 139, 143, 137 N. W. 387, 389, Mr. Chief Justice Start said:

"* * * The court, however, should award to the wife an undivided part of the husband's property with caution, for the tendency of such an award is to excite strife and litigation between the divorced parties."

The contention of plaintiff that the provisions of the foregoing statute must be so narrowly construed as to render improper a money award, as was made here, does not appear to have been allowed to prevail where the courts have been faced with such an argument.

In construing similar statutes, the courts seem to have followed, and properly so, accepted principles of statutory construction, with a view to giving effect to the apparent purpose of such statutes.

"Although a rule of strict construction is applied to a statute in derogation of the common law, it should nevertheless be construed sensibly and in harmony with the purpose of the statute, so as to advance and render effective such purpose and the intention of the legislature. The strict construction should not be pushed to the extent of nullifying the beneficial purpose of the statute, or lessening the scope plainly intended to be given thereto." 50 Am. Jur., Statutes, § 404.

In Martin v. Martin, 167 Wis. 255, 260, 167 N. W. 304, 306, where the statute involved provided "or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband," the court awarded the defendant husband a definite sum of money as his share of the property of the parties to the action. The plaintiff there contended that the court had no authority to direct the wife to pay a sum of money to the defendant. The court, however, in disposing of such contention, stated (167 Wis. 263, 167 N. W. 307):

"* * * The aim of the statute is to secure an equitable division of property, and in accomplishing this purpose the estate of the wife derived from the husband is subject to division as well as the property of the husband. Gauger v. Gauger [157 Wis. 630, 147 N. W. 1075], supra. The statute is broad and covers property of every kind and description. It is not confined to specific property, the title to which has been transferred to the wife, but covers all estate 'derived' from the husband. Money and labor put into the

wife's property which greatly enhanced the value of her estate manifestly constitutes, within the designation of the statutes, 'estate derived from the husband.' "

In the Ohio case of Schiff v. Schiff (Ohio App.) 45 N. E. (2d) 132, a statute cited therein (Page's Ohio General Code, § 11993) provided in part as follows:

"When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just."

The court awarded a definite sum of money to the wife instead of other property of the husband. Such action of the court was assigned as error, but the appellate court disposed of this contention by stating that (45 N. E. [2d] 137) "she is entitled only to such a sum of money as represents that proportion of her husband's real or personal property as is just."

In Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387, *supra*, it appears that this court gave to a divorce statute providing for distribution of property a broad and liberal construction, with a view to making possible an equitable and, as far as practicable, a final settlement between the parties. While it is true that the provisions of such statute had reference to property which the wife might receive under a divorce decree, yet the terms thereof were sufficiently similar to the ones involved in the instant case to make the decision in that case a persuasive force here. In that case, Mr. Chief Justice Start, speaking for the court, said (119 Minn. 143, 137 N. W. 389):

"The statute (R. L. 1905, § 3590) provides that the court may order and decree to the wife 'such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties and all other circumstances of the case.' The word 'part' is used in this statute in its broadest sense and as the equivalent of share or portion. We so construe the statute, and hold that it authorizes the court to award

to the wife as permanent alimony *a gross sum,* or a specific part of the husband's real and personal property in severalty, or an undivided part of the whole thereof, not exceeding in value one-third of his property, as the court may find to be for the best interests of the wife under the circumstances of each particular case." (Italics supplied.)

It should be noted that, although the statute did not by its terms specifically provide for the award of a gross sum of money in lieu of a portion of other property, the court construed the statute as authorizing such an award.

We accordingly hold that the award of such a sum of money to defendant as was made in this case was permissible and proper under the provisions of § 518.19 (§ 8598).

The judgment appealed from is affirmed.