## LYLE LOUIS DANKERS v. PATRICIA JOY ANN DANKERS.

172 N. W. (2d) 318.

October 24, 1969—No. 41623.

*Rollin H. Crawford,* for appellant.

*William L. Christianson,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court granting plaintiff an absolute divorce from defendant.

The issues raised by the appeal are these:

(1)  Does the record establish as a matter of law that the conduct of defendant found by the trial court to constitute cruel and inhuman treatment within the meaning of Minn. St. 518.06(3) consisted of acts committed while the defendant was laboring under such a defect of reason as not to know the nature of her acts or that they were wrong? We hold that it does not.

(2)  Was the trial court justified in finding the reasonable market value of the homestead of the parties to be $9,000? We hold that it was.

1.  Plaintiff and defendant were married April 14, 1956, and they have three children: Michael, born September 29, 1956; Stuart, born March 24, 1961; and Lewis, born February 1, 1965. Defendant was committed to the Rochester State Hospital on August 26, 1964. She was discharged provisionally on December 1, 1965, with a diagnosis of simple schizophrenia. She was readmitted to the hospital on a voluntary basis from June 6, 1966, to June 24, 1966. From October 1966 until April 1967, defendant received outpatient treatment at the Rochester State Hospital and was readmitted as an inpatient in April 1967. The diagnosis as of June 23, 1967, was "paranoid schizophrenia."

In Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387, we said:

"Insanity is a defense to an action for a divorce on the ground of cruel and inhuman treatment, if at the time the alleged acts of cruelty were committed the defendant was laboring under

such a defect of reason as not to know the nature of his acts or that they were wrong."

In Kunz v. Kunz, 171 Minn. 258, 260, 213 N. W. 906, 907, we said:

"A procedural difficulty arises from the absence of any finding on the question of insanity. But we consider that the evidence compels the finding that defendant's conduct was due wholly to her mental disorder."

See, also, Silverness v. Silverness, 270 Minn. 564, 134 N. W. (2d) 901.

Although the evidence establishes that defendant was mentally disturbed during the time she was married to plaintiff, there was a failure on the part of the defendant to show that her mental derangement was of such character as to compel the conclusion that she was laboring under such a defect of reason as not to know the nature of her acts or that they were wrong. The determination of the trial court that plaintiff was entitled to a divorce upon the ground of cruel and inhuman treatment is therefore affirmed.

2. In his complaint, plaintiff alleged that the homestead of the parties was of the approximate value of $8,000. This allegation was admitted in defendant's answer. Probably as a result of the admission, the testimony with respect to the value of the house offered at the time of trial was limited. We believe, however, that the evidence received considered in light of the pleadings supports the valuation fixed by the trial judge.

Affirmed.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.