## MARLENE MIKKELSEN v. HAROLD MIKKELSEN.

174 N. W. (2d) 241.

February 6, 1970—No. 41598.

*Magnus Wefald,* for appellant.
*Lamb & Schaefer,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Graff, JJ.

PER CURIAM.

This is an appeal from a judgment in a divorce action. Defendant-husband asserts that the trial court abused its discretion by awarding excessive alimony and property distribution to plaintiff-wife.

From the record it appears that plaintiff, Marlene Mikkelsen, and defendant, Harold Mikkelsen, were married on July 3, 1947. They have four children ranging in age from 10 to 21 years. Two minor sons are in the custody of the mother. It appears that during the unhappy mar-

ried life of the parties plaintiff was a good mother and homemaker, helped with the farm work, and was cooperative in the successful management of the farm operated by them. It appears that the parties' difficulties grew out of defendant's mental and emotional makeup, as a result of which the trial court found that "the defendant has treated the plaintiff in a cruel and inhuman manner causing her great mental and physical pain and suffering, all without justification in fact, all grossly subversive of the marital state, rendering a continuance of the marriage intolerable and necessitating an absolute divorce." This finding is supported by the evidence of the husband's continued unfounded charges of infidelity and immoral conduct on the part of the wife, as well as threats of physical abuse. In 1965, at the wife's request, the husband was committed by the probate court to the State Hospital at Fergus Falls, where he remained for 49 days. The issue of the husband's insanity was not raised at trial nor were the commitment proceedings made a part of this record. At the wife's request, the husband was released from the state institution and has never undergone further treatment or confinement for mental illness.

It appears that there was evidence from which the court could find that the farm holdings of the parties, including land and buildings, had a value of $108,575. At the time of the divorce proceedings, the parties had accumulated 275 acres of farm land. Although the record is unclear, it would appear that this land came to defendant by bequest or inheritance from his parents. The record does indicate that defendant paid his parents $16,000 for a 160-acre tract but also that this payment may have been made in consideration for services rendered by defendant's father for assisting in the operation of the farm. The value of the husband's personal assets was approximately $35,000 and included farm machinery, automobiles, household goods, and savings. Of this amount, the court gave the wife $7,000 in cash, an automobile worth $1,450, and certain household furnishings. The court also required defendant to retain plaintiff as beneficiary of a $10,000 life insurance policy and to pay $200 a month support money for the two minor boys. The trial court lumped the awards for alimony and "partial property settlement" by a provision in the decree giving plaintiff "for alimony and a partial property settlement the sum of $55,000 at 5% interest per annum on all unpaid balances, but Harold Mikkelsen may pay this in a lump sum if he so desires, the interest applicable only to deferred balances." The court provided that defendant could pay this sum in installments of $1,000 semi-annually with interest on the deferred balance. In the alternative, he could either sell or mortgage the farm to secure the money

to pay the award. If he chooses to pay on the installment basis, his annual payment for alimony, support money, and property settlement would approximate $5,800, an amount which defendant contends is not warranted by the farm income, which has averaged approximately $7,300 annually for the past 10 years. At the time the decree was entered, plaintiff-wife was 39 years of age and defendant-husband was 49. It appears that she has left the farm, is now living in a city with her two minor sons, and is employed in a clerical position.

From an examination of the record and the order and decree, we are not satisfied that the rights of the parties were determined in a manner consistent with our statutes. Minn. St. 518.58 permits the trial court to make a division of the property of the parties. It provides that the court "may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, * * * and all the facts and circumstances of the case." Section 518.60 provides criteria for determining the amount of alimony, and § 518.64, which provides for alteration of orders or decrees, states in part that "all divisions of real and personal property provided by sections 518.58 and 518.59 shall be final * * *." Alimony comprehends a definite sum payable for an indefinite period in the future, to terminate upon the death or remarriage of the wife, and, where circumstances warrant it, may be revised or modified. The court is without authority to change a division of real and personal property after the original decree has been entered and time for appealing therefrom has expired. Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. (2d) 652. On the basis of the record, we cannot determine which part of the award is alimony and which part is property settlement, nor do we understand the implication of the court's reference thereto as a "partial property settlement."

We are accordingly of the view that the decree is deficient in that it fails to clearly express the rights of the parties, both as to alimony and as to their interests in real and personal property. Moreover, it may be observed that, while this court is reluctant to substitute its judgment for that of the trial court, it seems to us that under the circumstances here an award to the wife of approximately one-half of the husband's property is excessive. The matter is remanded to the district court for further proceedings for the purpose of determining permanent alimony and a division of property. In making such determination, the trial

court should not ignore the considerations referred to in § 518.58 in arriving at a just and equitable result and should be guided as well by the views expressed by this court in the recent decisions of Krohn v. Krohn, 284 Minn. 95, 169 N. W. (2d) 389; Cozik v. Cozik, 279 Minn. 91, 155 N. W. (2d) 471; and Cloutier v. Cloutier, 261 Minn. 324, 112 N. W. (2d) 347. On remand, the parties should be permitted to submit such additional evidence as may provide the court with a satisfactory basis for disposing of the property in a fair, reasonable, and practical manner. We leave to the discretion of the trial court the question of whether or not the issue of insanity should be considered should defendant seek to raise that issue.

On the basis of the record, defendant's contention that the divorce should have been denied because his behavior was a product of mental disorder is without support. While it is true that insanity may be a defense in an action for a divorce on the grounds of cruel and inhuman treatment, that defense is not established by evidence that defendant spent about 6 weeks in a mental hospital in 1965 without proof that, at the time of the alleged wrongful acts, he was laboring under a defect of reason so as not to know the nature of his acts or that they were wrong. Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387; Dankers v. Dankers, 285 Minn. 120, 172 N. W. (2d) 318.

In view of the disposition of this case, it is unnecessary for us to consider the question of attorney's fees, which is ordinarily a matter left to the discretion of the trial court, and, in any event, may not be finally determined until further proceedings on remand.

The trial court's order providing for temporary alimony and support money will remain in force pending further proceedings.

In view of the unsatisfactory record submitted in this case, costs and disbursements are not allowed.

Reversed in part and remanded for further proceedings.