## ROY EKBERG AND OTHERS v. PETER J. THEIN AND ANOTHER.

191 N. W. (2d) 414.

October 22, 1971—No. 42408.

*Keith, Brown, Bins & Healy* and *Thomas Elkins,* for appellants.

*Altman, Geraghty, Leonard & Mulally* and *Judd S. Mulally,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, Kelly, and Odden, JJ.

KELLY, JUSTICE.

Plaintiffs appeal from a judgment by the district court determining that a certain real estate transaction consisted of a sale rather than a security agreement. We affirm.

Roy Ekberg, a plaintiff, bought the subject property on October 19, 1956, for $55,000. On September 23, 1958, title was transferred to the Ekberg Development Company (hereinafter Development Co.) by Ekberg and plaintiff Pearl Ekberg. On the same day the company conveyed the land to Thein Well Company (hereinafter Well Co.) in return for payment of $72,000. Well Co. then gave to Ekberg a contract for deed to sell the property back to Development Co. conditioned upon payment of $84,000. A total of $10,269.62 was paid on this contract for deed but due to the financial stress of plaintiffs no further payments were made on the contract and on October 13, 1960, Development Co. was served with a notice of cancellation of the contract for deed.

Following the cancellation, defendants, who are Peter J. Thein and Well Co., collected rents, paid taxes (from 1959 to September 1969), and made improvements and repairs on the property, spending about $16,000 in all. The property since the date of cancellation has approximately doubled in value. In 1966, this suit was brought to establish that plaintiffs Roy and Pearl Ekberg are the owners of the property subject to an equitable mortgage in favor of Thein. The district court ruled that the transaction between the parties consisted of a bona fide sale rather than a security transaction and that the contract for deed had been duly canceled, extinguishing the rights of plaintiffs. The plaintiffs appeal from the judgment for defendants. Because we

believe that the district court ruling was not clearly erroneous, we affirm.

Since plaintiffs are appealing from an adverse judgment, the test to be applied is whether the evidence sustains the findings and the findings support the conclusions of law and judgment.[1] Such findings of fact shall not be set aside unless clearly erroneous.[2] The evidence must be considered in the light most favorable to the prevailing party.[3]

Treating Development Co. and Roy Ekberg as the same for purposes of its decision, the trial court considered the fact that Thein paid Ekberg $17,000 more than Ekberg's purchase price and $43,000 more than Ekberg owed on the property. The court also was influenced by the fact that the contract back called for a total price of $12,000 more than Thein paid Ekberg, but called for no downpayment. Such evidence points to an intention to regard the transfer as a sale. This conclusion is buttressed by the fact that Ekberg had experience in real estate transactions and was represented and counseled by his attorney.[4] We cannot overlook the fact that Ekberg gave up possession for a number of years and stood by while Thein made valuable repairs and improvements and paid taxes on the property. Certainly he must have intended and regarded the transaction as a sale.

At all times Ekberg was represented by counsel. It was his attorney who drew the various deeds and contract for deed. His attorney was present with him at the execution of the instruments. All of the facts, coupled with Ekberg's business experience, make appropriate a finding that the parties intended their transaction to be exactly what it purports to be: A genuine sale of the subject property.

---

[1] Maust v. Maust, 222 Minn. 135, 23 N. W. 2d 537 (1946).

[2] Rules of Civil Procedure, Rule 52.01.

[3] Bjerketvedt v. Jacobson, 232 Minn. 152, 44 N. W. 2d 775 (1950).

[4] These factors all bearing on the question of intent distinguish the instant case from Albright v. Henry, 285 Minn. 452, 174 N. W. 2d 106 (1970), which involved a "hardship" situation and complex procedural difficulties.

The evidence, which was generally uncontested, supports the findings of fact which in turn support the conclusions of law reached by the lower court.

Affirmed.

