BEVERLY F. WOS v. GEORGE W. WOS.

191 N. W. (2d) 829.

November 12, 1971—No. 42724.

*William A. Lindquist,* for appellant.

*Peterson, Challeen & Delano* and *Dennis A. Challeen,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion for a new trial and also from judgment in a divorce action. Plaintiff-wife contends that the trial court abused its discretion and asks that the case be remanded to require modification of provisions relating to division of property so as to make them more definite and enforceable.

As we view the provisions for alimony, award of custody, and division of property, the trial court's determinations appear fair and reasonable except for the uncertainty of plaintiff's interest in the homestead, which represents a considerable part of the property she is to receive. The trial court determined that plaintiff was entitled "to a property settlement in cash in the amount of $24,000," half of which was to be paid by January 2, 1971. The time for payment of the remaining $12,000 was not fixed, a deficiency to which plaintiff objects. With respect to this balance of $12,000, the court provided that plaintiff should have a lien against the homestead, which was to be occupied by defendant-husband. The decree provided:

"* * * If plaintiff should die prior to being paid said $12,000, said lien shall inure to the benefit of her heirs, legatees or devisees, and said lien shall continue until the same has been paid. Upon the payment of said $12,000 to plaintiff, plaintiff shall execute a quit claim deed of her right, title and interest in said homestead property to defendant."

The trial court apparently felt that since provisions made with reference to alimony and support payments were generous, he should not arbitrarily fix a date for payment of the $12,000 nor require defendant to pay interest thereon. Plaintiff complains that the absence of a definite time for payment of the balance

and the absence of any requirement that defendant pay interest thereon renders the award "nugatory and valueless."

It is unnecessary to review the numerous decisions in which we have stated that the trial court is vested with broad discretion and that its determination will not be disturbed unless an abuse of discretion clearly appears. Hellman v. Hellman, 250 Minn. 422, 84 N. W. 2d 367 (1957); Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966); Swanson v. Swanson, 233 Minn. 354, 46 N. W. 2d 878 (1951). See, Minn. St. 518.58.

The thrust of our more recent decisions touching upon the issue before us, however, is to severely limit the continuation of undivided interests in property acquired by divorced parties during coverture. With respect to such property the court shall, wherever possible, determine the issue of division of the property with finality, as contemplated by Minn. St. 518.64. We noted in Longbotham v. Longbotham, 119 Minn. 139, 143, 137 N. W. 387, 389 (1912), that the practice of continuing undivided interests has the tendency to continue "strife and litigation between the divorced parties." To the same effect, see Maust v. Maust, 222 Minn. 135, 23 N. W. 2d 537 (1946); Johnson v. Johnson, 284 Minn. 181, 169 N. W. 2d 595 (1969). While there may be instances where circumstances might require a continued joint interest in property acquired during coverture, we cannot find from the record here considerations which would warrant the continued joint interest in the homestead of the parties under the terms contained in the decree.

It is true that under those terms plaintiff has security for the balance of her award in the form of a lien. However, she has no legal right to ever require payment, and she may have to reconcile herself to the fact that only her heirs will get the benefit of the balance of her award. The fact that the obligation bears no interest would certainly not encourage payment during her lifetime.

We accordingly remand to the district court for reconsideration and redetermination upon the existing record and upon such

further testimony as the parties, with the permission of the court, may submit. The status of plaintiff's interest in the homestead should be clarified to make it more definite and give a present value to the interest awarded. We assume that, on reconsideration, in light of the requirement that the status of plaintiff's interest be clarified, the trial court may, in fairness, alter or modify other provisions of the original decree and may accelerate payment of the balance.

Reversed and remanded without costs or attorneys' fees.